**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

```
_____
                              :
MICHAEL MYERS,                :
                              :
              Plaintiff,      :          Civil No. 07-4115 (SDW)
                              :
          v.                  :                O P I N I O N
                              :
A. COTTO, et al.,             :
                              :
              Defendants.     :
_____   :
```

**APPEARANCES:**

Michael Myers, Pro Se
#421080-495164C
Central Reception & Assignment Facility
P.O. Box 7450
West Trenton, NJ 08628

**WIGENTON, District Judge**

Plaintiff, a prisoner at the Central Reception & Assignment Facility, West Trenton, New Jersey, seeks to bring a civil action in forma pauperis,[1] without prepayment of fees or security, asserting claims pursuant to 42 U.S.C. § 1983.  Based on Plaintiff's affidavit of indigence, the Court will grant his

---

[1]  Plaintiff's case was administratively terminated on September 5, 2007 for failure to submit a proper in forma pauperis application.  On September 6, 2007, Plaintiff submitted an affidavit of indigence, and on September 13, 2007, this Court reopened the case.

application to proceed in forma pauperis pursuant to 28 U.S.C. §
1915(a) and order the Clerk of the Court to file the complaint.

At this time, the Court must review the complaint pursuant
to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it
should be dismissed as frivolous or malicious, for failure to
state a claim upon which relief may be granted, or because it
seeks monetary relief from a defendant who is immune from such
relief.  For the following reasons, Plaintiff's complaint will be
dismissed, without prejudice.

<u>BACKGROUND</u>

Plaintiff seeks to sue five officers at the Northern State
Prison.  It appears that on May 31, 2007, while Plaintiff was
housed at the Northern State Prison, defendant Cotto did not
"make sure" that a certain cell was closed before opening the
door to Plaintiff's cell, and as a result, Plaintiff was attacked
by another inmate.  Plaintiff complains that the officers did not
follow proper procedures in opening the doors.  Specifically,
Plaintiff states the following claims against the individual
defendant officers:

•   Officer Cotto "failed to secure his unit" and "kicked
    [Plaintiff] in the ribs wile [he] was already [subdued]."
    Officer Cotto also called Plaintiff names then punched him.

•   Officer Ramos also "failed to make sure that his unit was
    secured" and "that his officer didn't put his Post on the

line."  Officer Ramos also kneed Plaintiff in the back when
Plaintiff was already subdued.

- As to Sergeant Cesar, there seem to be no claims by
  Plaintiff.  It is possible that Plaintiff seeks to attribute
  to Sergeant Cesar the statement that "failed to make sure
  that when he pushed the button that the green light wasn't
  on, or to make sure that the cell door was close[d], but
  simply failed to observe the [tier] from his post in the
  unit booth."

- Officer Nykum "failed to authorize a code 33 properly by
  allowing his officers to come onto the unit and br[eak] up a
  fight without following proper pr[o]cedures for [his]
  officers' safety."

- Officer Walter slammed Plaintiff to the cell floor "without
  the proper authorization from his [sergeant]."

(Complt., ¶¶ 4, 6, attachments).

Plaintiff states that the relief he seeks is "to understand
my complaint and to come to the [greatest] relief possible."
(Complt., ¶ 7).

## DISCUSSION

### A.   Standard of Review

In 1996, Congress enacted the Prison Litigation Reform Act
("PLRA"), Title VIII of the Omnibus Consolidated Rescissions and
Appropriations Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321

3

(April 26, 1996).  Congress's purpose in enacting the PLRA was "primarily to curtail claims brought by prisoners under 42 U.S.C. § 1983 and the Federal Tort Claims Act . . . many of which are routinely dismissed as legally frivolous."  Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996).  A crucial part of the congressional plan for curtailing meritless prisoner suits is the requirement, embodied in 28 U.S.C. § 1915A(b), that a court must dismiss, at the earliest practicable time, any prisoner actions that are frivolous or malicious, fail to state a claim, or seek monetary relief from immune defendants.

When determining the sufficiency of a complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  See Haines v. Kerner, 404 U.S. 519 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court should "accept as true all of the allegations in the complaint and reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court need not, however, lend credit to a pro se plaintiff's "bald assertions" or "legal conclusions."  Id.

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Haines, 404 U.S. at 521 (quoting Conley v.

4

Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981).

However, where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment.  See Alston v. Parker, 363 F.3d 229 (3d Cir. 2004); Denton v. Hernandez, 504 U.S. 25, 34 (1992); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002)(dismissal pursuant to § 1915(e)(2)).

**B.   42 U.S.C. § 1983**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his or her constitutional rights.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to establish a violation of 42 U.S.C. § 1983, a plaintiff must demonstrate that the challenged conduct was committed by (1) a person acting under color of state law and (2) that the conduct deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States.  See Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled in part on other grounds by Daniels v. Williams, 474 U.S. 327 (1986); Adickes v.

S.H. Kress & Co., 398 U.S. 144, 152 (1970); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

**C.   Plaintiff's Claims Will Be Dismissed, Without Prejudice.**

Liberally construed, Plaintiff asserts an Eighth Amendment failure to protect claim, suggesting that officers, by negligently carrying out their duties, failed to protect him from violence by another inmate.

The Eighth Amendment to the United States Constitution, applicable to the individual states through the Fourteenth Amendment, prohibits the states from inflicting "cruel and unusual punishments" on those convicted of crimes.  See Rhodes v. Chapman, 452 U.S. 337, 344-46 (1981).  Under the Eighth Amendment, prison officials have a duty to provide humane conditions of confinement, including adequate food, clothing, shelter, medical care, and personal safety.  See Farmer v. Brennan, 511 U.S. 825, 832 (1994); Young v. Quinlan, 960 F.2d 351, 364 (3d Cir. 1992).  Accordingly, prison officials must take reasonable measures "to protect prisoners from violence at the hands of other prisoners."  Farmer, 511 U.S. at 833 (1994) (internal quotations omitted).  "Being violently assaulted in prison is simply 'not part of the penalty that criminal offenders pay for their offenses against society.'"  Id. at 834 (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)).

To successfully state a claim for violation of the Eighth Amendment, an inmate must satisfy both the objective and subjective components of such a claim.  The inmate must allege a deprivation which was "sufficiently serious," and that in their actions or omissions, prison officials exhibited "deliberate indifference" to the inmate's health or safety.  See Farmer, 511 U.S. at 834; Wilson v. Seiter, 501 U.S. 294, 305 (1991); Nami v. Fauver, 82 F.3d 63, 67 (3d Cir. 1996).

In the context of a failure to protect claim, the inmate must show that he was "incarcerated under conditions posing a substantial risk of harm," and that prison officials knew of and disregarded the excessive risk to inmate safety.  See Farmer, 511 U.S. at 833, 837.  "A pervasive risk of harm may not ordinarily be shown by pointing to a single incident or isolated incidents, but it may be established by much less than proof of a reign of violence and terror."  Riley v. Jeffes, 777 F.2d 143, 147 (3d Cir. 1985).  "Whether ... prison official[s] had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, and a fact finder may conclude that ... prison official[s] knew of a substantial risk from the very fact that the risk was obvious."  Farmer, 511 U.S. at 842.  Deliberate indifference is more than a mere lack of ordinary due care,

however; it is a state of mind equivalent to a reckless disregard of a known risk of harm.  Farmer, 511 U.S. at 834.

Here, Plaintiff does not allege facts which suggest that defendants were informed of a specific risk of harm to himself or other inmates, Nami, 82 F.3d at 67-68; Young, 960 F.2d at 362, or that "a substantial risk of inmate attacks was longstanding, pervasive, well-documented" or otherwise obvious to them, so that the defendants should have prevented the attack from occurring in the first instance.  See Farmer, 511 U.S. at 842; accord Hamilton v. Leavy, 117 F.3d 742, 747-48 (3d Cir. 1997); Ingalls v. Florio, 968 F. Supp. 193, 199-200 (D.N.J. 1997).  Instead, it appears that Plaintiff is attempting to assert a negligence claim against the officers; Plaintiff alleges that the officers negligently carried out their jobs by not properly observing buttons, and other cell doors, etc., and, as a result, Plaintiff suffered injuries imposed by another inmate.  While Defendants may not have exercised due care in failing to prevent Plaintiff's injuries, such negligence is insufficient to establish a violation of the Eighth Amendment.  See Davidson v. Cannon, 474 U.S. 344, 345-48 (1986) (finding that prison officials' negligent failure to heed prisoner's notification of threats from another inmate, followed by an assault, is not a deprivation of constitutional rights); see also Schwartz v. County of Montgomery, 843 F. Supp. 962 (E.D. Pa.), aff'd, 37 F.3d 1488 (3d

Cir. 1994) (stating that corrections officers' failure to observe institutional policies regarding the supervision of dangerous inmates constitutes negligence, which cannot support a § 1983 action for violation of the Eighth or Fourteenth Amendments). Thus, Plaintiff has failed to state an Eighth Amendment failure to protect claim.

Additionally, Plaintiff alleges facts indicating that the defendant officers <u>did</u> intervene in the commotion, thus, it does not appear that officers stood by and watched, and failed to intervene.

Plaintiff may also be attempting to assert an excessive force claim under the Eighth Amendment.  Plaintiff states that Officer Cotto punched him and kicked him, and that Officer Ramos kneed him in the back, "after he was already subdued."  However, Plaintiff alleges facts that suggest that he needed to be "subdued," and that there was a fight in progress at the time the officers intervened.  Also, Plaintiff's complaint suggests that he was more concerned with the officers' disregard of policies than the force used against him.  Further, Plaintiff does not allege facts indicating any injury as a result of the force used against him.  As such, these potential claims will be dismissed, without prejudice.  <u>See</u> <u>Farmer v. Brennan</u>, 511 U.S. 825, 835-36 (1994) (to set forth a valid claim for the use of excessive force under the Eighth Amendment, a plaintiff must demonstrate that

9

"officials applied force maliciously and sadistically for the very purpose of causing harm, or . . . that officials used force with a knowing willingness that [harm] occur.")(internal quotation marks and citations omitted).

Because Plaintiff may be able to correct the deficiencies of his complaint, he will be permitted to file an amended complaint in accordance with the Order accompanying this Opinion.[2]

<u>**CONCLUSION**</u>

Based on the foregoing, Plaintiff's complaint will be dismissed, in its entirety, without prejudice. <u>See Alston</u>, 363 F.3d at 234 n.7 (stating that with a complaint that makes "little sense," District Court could have dismissed complaint without prejudice, to permit Plaintiff to amend the complaint to make it plain). The Court notes that "generally, an order which dismisses a complaint without prejudice is neither final nor appealable because the deficiency may be corrected by the plaintiff without affecting the cause of action." <u>Martin v. Brown</u>, 63 F.3d 1252, 1257-58 (3d Cir. 1995)(quoting <u>Borelli v.</u>

---

[2] Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and "cannot be utilized to cure defects in the amended [complaint], unless the relevant portion is specifically incorporated in the new [complaint]." 6 Wright, Miller & Kane, <u>Federal Practice and Procedure</u> § 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. <u>See id.</u> To avoid confusion, the safer course is to file an amended complaint that is complete in itself. <u>See id.</u>

<u>City of Reading</u>, 532 F.2d 950, 951 (3d Cir. 1976)).  In this case, if Plaintiff can correct the deficiencies of his complaint, he may file an amended complaint in accordance with the attached Order.


                              /s/SUSAN D. WIGENTON
                          United States District Judge

Dated: January 8, 2008