NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| MICHAEL MYERS | : | Civ. Action No. 07-4115 |
| Plaintiff, | : | |
| | : | **OPINION** |
| | : | |
| v. | : | |
| | : | |
| A. COTTO, et al., | : | |
| | : | |
| Defendants. | : | October 8, 2008 |
| | : | |

**Wigenton**, District Judge.

Before the Court is Defendants', Antonio Cotto, Michael Ramos, Alterie Walters, Ceasar Delacruz, and Eduardo Rocha's (collectively "Defendants") Motion to Dismiss for Failure to State a Claim pursuant to Fed. R. Civ. P. 12(b)(6), or in the alternative for Summary Judgment ("Motion") pursuant to Fed. R. Civ. P. 56(c) as to Plaintiff's 42 U.S.C. § 1983 claim. The Court, having considered the parties' submissions, decides this matter without oral argument, pursuant to Fed. R. Civ P. 78. For the reasons discussed below, the Court grants Defendants' motion for summary judgment.

**Factual Background**

On May 31, 2007, Defendants escorted inmate Jerome Langley ("Langley") from the shower to his cell. Once the cell door light indicated that inmate Langley's cell door was secure, Defendants proceeded to release Plaintiff, inmate Michael Myers ("Plaintiff" or "Myers") from his cell. Immediately after releasing Plaintiff from his cell he was

attacked by inmate Langley. (Dunn Decl., Ex. B.) Sergeant Nykun, Lieutenant D'Amico, Senior Correction Officers (SCO) Cotto, Delacruz, Ramos, and Hernandez responded to the altercation. Once Plaintiff and inmate Langley were separated, SCOs Mercado and Hernandez escorted Plaintiff to the medical staff. Nurse Corbin examined Plaintiff and found no signs of injuries.

Immediately following the altercation, Lieutenant D'Amico and SCO Cotto investigated Langley's cell and discovered that inmate Langley had placed his shower shoe between the cell door and the door frame. The shoe prevented the cell door from locking, but the cell door light indicator showed that the cell door was locked and therefore secure.

On August 27, 2007, Plaintiff filed a Complaint against Defendants, which was ultimately amended after a series of filings and dismissals. Plaintiff's Amended Complaint alleges that Defendants Ramos, Cotto, and Delacruz, violated his rights by not securing his safety when they released him from his cell. He also asserts that Defendants Walter and Roche used excessive force when they "roughly put him to the floor". (*See* Complaint). Plaintiff allegedly suffers from mental stress, emotional stress, and physical pain as a result of the altercation; he is seeking ten (10) thousand dollars in damages.

On June 27, 2008, Defendants filed a Motion to Dismiss in Lieu of an Answer asserting that they neither knew of a substantial risk nor failed to protect Plaintiff from that risk; Defendants did not exert excessive force; Defendants are protected by qualified immunity; and Defendants are not "persons" amenable to suit, pursuant to 42 U.S.C. § 1983.

**Legal Standard**

On a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court is required to accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and to view them in a light most favorable to the non-moving party. *Pinker v. Roche Holding Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002). The question is whether the claimant can prove any set of facts consistent with his or her allegations that will entitle him or her to relief, not whether that person will ultimately prevail. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). While a court will accept well-pleaded allegations as true for the purposes of the motion, it will not accept unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. *See Miree v. DeKalb County, Ga.*, 433 U.S. 25, 27 n.2 (1977).

On a motion asserting the 12(b)(6) defense, if matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56. Fed. R. Civ. P. 12(b). Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A factual dispute is genuine if a reasonable jury could return a verdict for the nonmovant, and it is material if, under the substantive law, it would affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248(1986).* The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit

the nonmoving party to carry its burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 318 (1986).

Once the moving party meets the initial burden, the burden then shifts to the nonmovant who must set forth specific facts showing a genuine issue for trial and may not rest upon the mere allegations or denials of its pleadings. *Sheilds v. Zuccarini*, 254 F.3d 476, 481 (3rd Cir. 2001). The court may not weigh the evidence and determine the truth of the matter but rather determine whether there is a genuine issue as to a material fact. *Anderson*, 477 U.S. at 249. In doing so, the court must construe the facts and inferences in the light most favorable to the nonmoving party. *Masson v. New Yorker Magazine, Inc.*, 501 U.S. 496, 520 (1991).

### *The Defendants Did Not Violate The Eighth Amendment*

Plaintiff alleges that Defendants violated his Eighth Amendment right by failing to protect him from inmate Langley and by exerting excessive force while quelling the altercation; Defendants deny these allegations.

To establish an Eighth Amendment claim for failure to protect, an inmate must show: 1) that "he is incarcerated under conditions posing a substantial risk of serious harm;" and 2) that Defendant prison official acted with deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 834 -837 (1994).

A prison official is deliberately indifferent when he "knows of and disregards an excessive risk to inmate health or safety." *Id.* at 837 "The official must … be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* An official does not violate the Eighth

4

Amendment if he fails to alleviate a substantial risk of serious harm that he does not recognize. *Id.* at 838.

In the case at bar, Plaintiff does not allege that Defendants knew of and disregarded a substantial risk to his health or safety; Plaintiff merely asserts that the Defendants failed to secure his safety. Defendants have submitted evidence that inmate Langley's cell did not lock because Langley placed his shower shoe in between his cell door and the cell door frame. Defendants could not have known of or disregarded any excessive risk to Plaintiff's safety because they did not know that inmate Langley's cell was not secure. In sum, Defendants were unaware that Plaintiff was incarcerated under conditions which posed a substantial risk of serious harm. *See Farmer,* 511 U.S. 825 (1994).

Defendants could not deliberately disregard an inference that a substantial risk existed because they were unaware of any evidence of a substantial risk of harm. Defendants have submitted undisputed evidence that Langley's cell door indicated that it was locked and secure before Plaintiff was released from his cell. Thus, it logically follows that Defendants' conduct was not deliberately indifferent to a known risk to Plaintiff. In other words, the risk of harm was unknown to Defendants. Plaintiff has not presented any evidence that Defendants were deliberately indifferent and thus, has not established a violation of the Eighth Amendment.

### *The Defendants Did Not Use Excessive Or Unnecessary Force*

Plaintiff must establish two elements in an "excessive force" claim. First, Plaintiff must establish that the "prison officials acted with a culpable state of mind, that is, whether the force was applied in a good faith effort to maintain and restore discipline or

maliciously and sadistically for the very purpose of causing harm." *Concepcion v. Morton*, 125 F. Supp. 2d 111, 122 (D.N.J. 2000), rev'd on oth. grounds, 306 F.3d 1347 (3d. Cir. 2002).

Once Plaintiff satisfies the subjective test, he must then establish that the conduct was objectively excessive. Plaintiff must establish that the prison officials' actions, taken contextually, were "objectively harmful enough" to offend "contemporary standards of decency." *Hudson v. McMillian*, 503 U.S. 1,8 (1992). In analyzing the objective standard, courts generally look to the following factors: 1) "the need for the application of force"; 2) "the relationship between the need and the amount of force that was used"; 3) "the extent of injury inflicted"; 4) "the extent of the threat to the safety of staff and inmates, as reasonably perceived by responsible officials on the basis of the facts known to them"; and, 5) "any efforts made to temper the severity of a forceful response." *Brooks v. Kyler*, 204 F.3d 102, 106 (3d Cir. 2002)

Plaintiff must produce sufficient evidence to carry the burden of proof at trial to survive summary judgment on an Eighth Amendment excessive force claim. *Id.*

In the case at bar, Plaintiff has not put forth any evidence to support his assertion that Defendants used excessive force. Plaintiff does not allege that Defendants acted "maliciously and sadistically for the purpose of causing harm." *Concepcion,* 125 F. Supp. 2d 111, 122 (D.N.J. 2000), rev'd on oth. grounds, 306 F.3d 1347 (3d. Cir. 2002). Plaintiff merely asserts that Defendants caused him harm by not ensuring his safety. Plaintiff's bare assertion that Defendants, particularly Walter and Roche, roughly put him to the floor, does not establish that Defendants objectively used excessive force, pursuant to *Brooks*. This Court finds that 1) the use of force was necessary and appropriate in order

to quash the altercation; 2) Nurse Corbin did not note any injuries to the Plaintiff; 3)

Defendants reasonably perceived a threat to the safety of inmates Langley and Plaintiff;

and 4) only two Defendants, Walter and Roche, applied any force to Plaintiff and

Langley; in other words, the amount of force used was tempered by Defendants and was

not objectively excessive. *See Brooks*, 204 F.3d 102, (3d Cir. 2002)  Plaintiff has not

submitted sufficient evidence to sustain his burden at trial, thus summary judgment is

hereby granted pursuant to *Brooks*.

### *The Defendants Are Entitled To Qualified Immunity*

When a government official is sued for a constitutional violation he is entitled to

qualified immunity if he believed that the challenged conduct was lawful given the

circumstances. *Anderson v. Creighton*, 483 U.S. 635, 641 (11987). If a government

official's conduct does not violate "clearly established statutory or constitutional rights of

which a reasonable person would have known", qualified immunity protects the official

from civil liability.  *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The Court addresses

the reasonableness of the officials actions "from an on-scene perspective,' and "[i]f the

law did not put the officer on notice that his conduct would be clearly unlawful, summary

judgment based on qualified immunity is appropriate." *Saucier v. Katz*, 533 U.S. 194,

201-02 (2001).

In the case at bar, Defendants are entitled to qualified immunity, as they did not

violate Plaintiff's constitutional rights. Assuming *arguendo* that the Court determined

that Plaintiff's constitutional rights were violated, there is no evidence that Defendants'

conduct was unreasonable. Therefore, because Plaintiff has not submitted evidence of the

unreasonableness of Defendants' conduct and the Court finds that Defendants did not

violate any clearly established constitutional right, Defendants' motion for summary judgment based on qualified immunity is hereby granted. *Id.*

Further, we need not reach Defendants' Eleventh Amendment argument because the Court denies summary judgment on the basis of qualified immunity.

**Conclusion**

For the foregoing reasons, Defendants' Motion for Summary Judgment is hereby granted.

s/Susan D. Wigenton, U.S.D.J.

Orig:  Clerk
Cc:    Judge Arleo
       Parties